# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BILLY LEE BACON,** | : | |
| **Petitioner** | : | |
| | | **CIVIL ACTION NO. 3:18-0059** |
| **v.** | : | |
| | | **(Judge Mannion)** |
| **JOHN SOMMERS,** | : | |
| **Respondent** | : | |

## MEMORANDUM

On January 9, 2018, Billy Lee Bacon, an inmate presently confined at the State Correctional Institution, Waymart, Pennsylvania (SCI-Waymart), filed this *pro se* habeas corpus petition pursuant to 28 U.S.C. §2254. (Doc. 1, petition). He attacks a conviction imposed by the Court of Common Pleas for Bradford County, Pennsylvania. Id. Presently before the Court is Respondent's motion to dismiss the petition as premature. (Doc. 22). For the reasons discussed below, the Court will grant Respondent's motion and dismiss the petition without prejudice.

## I.    Background

On October 19, 2009, after having been found guilty by jury trial, Bacon was sentenced to eighteen to thirty-six years on five separate counts of assault, indecent assault and aggravated indecent assault, aggravated

assault and involuntary deviate sexual intercourse with a child. See Commonwealth of Pennsylvania v. Billy Bacon, CP-08-CR-0000683-2008.

On May 31, 2011, Bacon's judgment and sentence was affirmed by the Pennsylvania Superior Court. See Commonwealth of Pennsylvania v. Billy Bacon, 1030 MDA 2010.

Petitioner filed for a Petition for Allowance of Appeal to the Pennsylvania Supreme Court, which was denied on October 19, 2011. See Commonwealth of Pennsylvania v. Billy Bacon, 424 MAL 2011.

On December 28, 2011, Petitioner filed a petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"). See Commonwealth of Pennsylvania v. Billy Bacon, CP-08-CR-0000683-2008. An amended counseled petition was filed on November 14, 2016. Id.

By Order dated June 7, 2017, the PCRA court gave notice of its intent to deny the Petitioner. (Doc. 22 at 14, Order).

On January 9, 2018, Petitioner filed the instant petition for writ of habeas corpus. (Doc. 1).

By Order dated March 28, 2018, the Bacon's PCRA petition was dismissed. (Doc. 22 at 16, Order).

On April 14, 2018, Petitioner filed an appeal to the Pennsylvania Superior Court from the dismissal of his PCRA petition. (Doc. 22 at 17, Notice

of Appeal). Petitioner's appeal is currently pending before the Pennsylvania Superior Court. See Commonwealth of Pennsylvania v. Billy Bacon, 694 MDA 2018.

## II.    **Discussion**

A 2254 petitioner must have exhausted his state-court remedies before a federal court can grant relief. See Rolan v. Coleman, 680 F.3d 311, 317 (3d Cir. 2012). ("Title 28 U.S.C. §2254 requires that a habeas petitioner exhaust the remedies available in the state courts before a federal court can exercise habeas corpus jurisdiction over his claim."). Generally, if state-court remedies have not been exhausted, the district court must dismiss the petition. Roman v. DiGuglielmo, 675 F.3d 2014, 209 (3d Cir. 2012).

Bacon recognizes that he has not exhausted his state-court remedies, and he realizes the significance of the fact that his PCRA petition is still pending in state court. He, nonetheless, requests a stay and abeyance. (Doc. 1 at 5). He has thus protectively filed his 2254 petition, and asks the court to stay the petition until he exhausts his state court remedies with respect to his ending PCRA petition.

This Court has the authority to stay a 2254 petition while the petitioner exhausts state-court remedies." Heleva v. Brooks, 581 F.3d 187, 191 (3d Cir.

2009). To obtain a stay, the petitioner must show " 'good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'" Id. at 190 (quoting Rhines v. Weber, 544 U.S. 269, 278 (2005).

The Court will not grant the stay because Petitioner has failed to show good cause for his failure to exhaust before he filed his 2254 petition. Good cause may be shown if the amount of time left in the limitations period creates the risk that a petitioner may not be able to file a timely 2254 petition after exhaustion of state-court remedies. Id. at 192 n.3; Gerber v. Varano, 512 F. App's 131 (3d Cir. 2013). However, here Petitioner has ample time to file a 2254 petition once the state court resolves his PCRA petition.

The one-year period for filing a 2254 petition begins to run from the date the petitioner's conviction becomes final, defined for our purposes in 28 U.S.C. §2244(d)(1)(A) as "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Thus, the one year limitations period began to run for Petitioner on January 17, 2012, because this was the date his conviction became final, after the expiration of the ninety day period he had to file a petition for writ of certiorari with the United States Supreme Court from the Pennsylvania Supreme Court's October 19, 2011 denial of Bacon's petition for allowance

of appeal. The period stopped running on December 28, 2011, the date Petitioner filed his PCRA petition in the trial court. 28 U.S.C. §2244(d)(2) ("The time during which a properly filed application for State post-conviction relief ... with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). The limitations period remains tolled while Petitioner's properly filed PCRA petition is pending in the state court and will only begin running again when he has fully exhausted his state court remedies with respect to his PCRA petition. This means that Petitioner still has approximately one year left to file a 2254 petition after he exhausts his PCRA court state remedies, sufficient time for filing his federal petition.

Consequently, th Court will deny Petitioner's motion for a stay, and since the petition presents unexhausted claims, will dismiss the petition without prejudice to filing another one after Petitioner has properly exhausted his state-court remedies.

**III.    Certificate of Appealability**.

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the

denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant petition is time-barred. It is statutorily barred, and neither statutory nor equitable tolling apply to the petition.

## IV.  Conclusion

In light of the foregoing, the petition for writ of habeas corpus will be **DISMISSED**, and the case will be **CLOSED**. An appropriate order will follow.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: March 18, 2019**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2018 MEMORANDA\18-0059-01.wpd